**EDWARDS, Plaintiff-Appellant, v. LYMAN, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3609.   Decided October 29, 1953.

L. M. Cailor, Youngstown, for plaintiff-appellant.
Mitchell, Mitchell & Reed, Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

After the jury had returned a verdict for plaintiff and before judgment had been rendered thereon, the defendant filed a motion for judgment notwithstanding the verdict.

Upon hearing this motion, the court concluded, apparently, that it had erred at the trial in overruling defendant's motion for an instructed verdict made at the close of plaintiff's evidence and renewed at the close of all the evidence and, for that reason, rendered judgment notwithstanding the verdict.

It is that judgment that is now under review by this appeal. The action is one to recover damages for personal injuries suffered by the plaintiff in a fall from an extension ladder owned by the defendant. The weight of the evidence is not involved in this review.

The plaintiff was entirely familiar with the ladder, which he understood as fully as did the defendant. He had used it for years. There is a complete failure of any evidence tending to prove that defendant had knowledge of any defect whatsoever in the ladder.

Plaintiff was a painter of forty-seven years experience. He understood ladders. Defendant was an elderly woman in her late seventies and of poor health. Plaintiff knew her; had worked for her for years, and had used this very ladder many times without mishap.

There appears to be no conceivable reason for imposing a greater duty on defendant with respect to the condition of the ladder than would be imposed upon the plaintiff. Plaintiff inspected the ladder before using it the morning of the accident.

When construed in the light most favorable to plaintiff and giving him the benefit of all reasonable inferences, there remains nothing in his evidence to support his claim of negligence on the part of the defendant.

Having reached this conclusion it is immaterial what may have been said by the trial judge to the jury in the charge.

The final order of the trial court in granting the motion

of the defendant and entering judgment non obstante veredicto is, therefore, affirmed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 3609. Decided December 2, 1953.

## OPINION

Per CURIAM.

The application for rehearing in this case is denied since this court found the evidence such that reasonable minds could not differ but must find that the plaintiff was guilty of negligence which directly and proximately contributed to his own injury, and therefore the trial court was not in error in sustaining the motion of the defendant for judgment in her favor.

It is therefore unnecessary for this court to pass upon the question whether the ladder was a simple tool, or whether

A. N. Edwards was an independent contractor, or to distinguish between bailments, independent contractors or invitees.

Application for rehearing denied.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.